# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| EARL ANTONIO TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-CV-081-HSM-CHS |
| BEDFORD COUNTY SHERIFF'S DEPARTMENT, AUSTIN SWING, and TIM IOKY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. For the reasons set forth below, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

## I. SCREENING STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff has written Defendants Ioky and Swing about the poor and inhumane conditions of the jail [Doc. 7 p. 1]. Specifically, the jail has rust, mold, fungi, dust, and other "unidentified bacteria" in the cells, the food preparation area, the kitchen where inmates dine, and the shower [*Id.* at 2]. As the day area is overcrowded and he lives in a cell with one bunk to which four inmates are assigned, Plaintiff does not have a reasonable amount of space in which to exercise and keep up his mental and physical health [*Id.*]. Plaintiff sleeps on the floor about one foot from a toilet that leaks [*Id.*]. Plaintiff has lost fifteen pounds due to the inadequate food portions [*Id.*]. The cells do not have mirrors to allow Plaintiff to shave and look presentable for court appearance [*Id.*]. The jail does not "provide minimally adequate medical care" for Plaintiff and others [*Id.*]. Due to these conditions, Plaintiff is in bad shape [*Id.*].

## III. ANALYSIS

First, Plaintiff's allegation that he and others do not receive adequate medical attention is conclusory and therefore fails to state a claim for which relief may be granted under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that formulaic and conclusory recitations of

the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief).

Further, Plaintiff's allegations regarding the conditions at the jail, accepted as true, do not allow the Court to plausibly infer that those conditions have violated Plaintiff's constitutional rights. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in the complaint suggests that the rust, mold, fungi, dust, and other "unidentified bacteria" at the jail, Plaintiff sleeping on the floor, or the leaking toilet creates an unreasonable risk of damage to Plaintiff's health. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (holding that an allegation that creates the possibility that a plaintiff might later establish undisclosed facts supporting recovery does not state a plausible claim for relief).

Moreover, the denial of a mirror in a cell is not an extreme deprivation in violation of the constitution.

Further, Plaintiff's allegation that his cell and/or day room do not provide sufficient space for him to exercise does not allow the Court to plausibly infer that Plaintiff is denied opportunities for sufficient exercise in violation of his constitutional rights.

Likewise, Plaintiff's allegation that he has lost weight due to the jail's food portions is insufficient to allow the Court to plausibly infer that Plaintiff is denied adequate nutrition, as Plaintiff has not set forth his original weight and/or any other information from which the Court can determine that Plaintiff is malnourished. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated); *see also Adams v. Hardin Cty. Det. Center*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *6 (noting that "[c]ourts have generally held that allegations of weight loss alone fall short of stating an Eighth Amendment claim" and citing numerous cases).

Accordingly, Plaintiff's allegations regarding his conditions of confinement do not raise Plaintiff's right to relief above a speculative level and therefore fail to state a claim.

### IV.  CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.  Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE